IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, | ) ) ) | |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) | |
| JOSEPH J. BURKE, as Administrative Manager, | ) ) ) | CIVIL ACTION |
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL, AND REINFORCING IRON WORKERS LOCAL UNION NO. 393, | ) ) ) ) ) | NO. JUDGE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| LAKESIDE RACK INSTALLERS, INC., a Michigan corporation, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

The Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, JOSEPH J. BURKE, as Administrative Manager, and INTERNATIONAL ASSOCIATION OF BRIDGE, STRUC-TURAL, ORNAMENTAL AND REINFORCING IRON WORKERS LOCAL UNION NO. 393 ("Local 393"), by their attorneys, complaining of the Defendant, LAKESIDE RACK INSTALLERS, INC., a Michigan corporation ("Lakeside"), allege as follows:

## COUNT I
### (Claim under ERISA by Funds against Lakeside)

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Funds are pension, welfare and related joint, labor-management funds and bring this action as "employee pension benefit plans," "employee welfare benefit plans" and "plans," under ERISA. Plaintiff, Joseph J. Burke, is the Administrative Manager of the Mid-America Funds and a fiduciary with respect thereto. The Mid-America Funds are administered within this District at 2350 E. 170th Street, Lansing, Illinois.

3. Lakeside is obligated to report and pay fringe benefit contributions and/or wage deductions to the Funds under the terms of various collective bargaining agreements with Local 393 and other local unions affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, and pursuant to the Funds' respective Agreements and Declarations of Trust.

4. As an employer obligated to report and pay fringe benefit contributions and wage deductions to the Funds, Lakeside is specifically required to do the following:

   (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked by or paid to each and every person on whose behalf contributions are required to be made by Lakeside to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

2

 (b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

 (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Lakeside is making full payment as required under the applicable agreements;

 (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Lakeside's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages and interest as provided in ERISA, 29 U.S.C. §1132(g);

 (e) To pay any and all costs incurred by Plaintiffs in auditing Lakeside's payroll records, should it be determined that Lakeside was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

 (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Lakeside to submit its payroll books and records for audit, or to recover delinquent contributions;

 (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

 5. Lakeside is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

 (a) Lakeside has failed and refused to verify and submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by Lakeside thereon to be due Plaintiffs;

 (b) Lakeside has made payment of contributions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the collective bargaining agreement and Trust Agreements. Plaintiffs have assessed liquidated damages and accrued interest against Lakeside as authorized by the Trust Agreements and ERISA, but Lakeside has failed and refused to make payment of said liquidated damages and accrued interest.

 6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Lakeside, there is a total of $133,613.94, known to be due

Plaintiffs from Lakeside, subject however to the possibility that additional monies may be due Plaintiffs from Lakeside based upon Lakeside's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7. Plaintiffs have requested that Lakeside perform its obligations as aforesaid, but Lakeside has failed and refused to so perform.

8. Lakeside's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Lakeside covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Lakeside be enjoined and ordered to verify and submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such verified reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Lakeside for all unpaid contributions, liquidated damages, any costs of auditing Lakeside's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Lakeside's cost.

## COUNT II
### (Claim under LMRA by Local 393 against Lakeside)

9. Plaintiffs reallege and incorporate by reference Paragraphs 2 through 8 into this Count.

10. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

11. Plaintiff, Local 393, is a labor organization representing certain of Lakeside's employees as the duly authorized collective bargaining representative, and is party to a collective bargaining with Lakeside.

12. Under the aforesaid collective bargaining agreement, Lakeside agreed to deduct from the wages of those of its employees represented by Local 393, and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Local 393 on a monthly basis along with Lakeside's regular fringe benefit reports and contributions as described in Count I of this Complaint. Moreover, the Agreement required Lakeside to report and pay contributions to the Local 393 Apprenticeship & Training Fund, the I.M.P.A.C.T. Fund and the Industry Advancement Fund.

13. Lakeside has deducted or has been required to deduct dues from the wages of its employees as required by the collective bargaining agreement, but has failed and refused to remit any part of such monies so deducted to Local 393, but has instead converted such monies to its own use.

14. The amount of money that Lakeside failed to remit to Local 393 in violation of the collective bargaining agreement totals at least $22,441.74.

15. Lakeside's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Local 393 to recover from Lakeside all monies which Lakeside was required to remit, whether deducted from wages or not and whether traceable or untraceable commingled with Lakeside's assets, and further entitle Local 393 to recover from Lakeside liquidated damages for breach of Lakeside's obligations.

WHEREFORE, Local 393 prays:

(A) That judgment be entered in its favor and against Lakeside for all sums determined to be due from Lakeside to Local 393;

(B) That Local 393 recover from Lakeside its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

(C) That Local 393 have such further relief as may be considered just and equitable by the Court, all at Lakeside's cost.

/s/ Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Telephone: (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\MIDJ\Lakeside Rack Installers\Local 393\complaint.pnr.df.wpd